810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carole Rae OLSON, Defendant-Appellant.
 No. 86-5119.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided Jan. 20, 1987.
 
 N.D.W.Va.
 REMANDED.
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, District Judge (CR-85-76-K).
 Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Ronald L. Kuby, William M. Kunstler for appellant.
 William A. Kolibash, United States Attorney, David A. Jividen, Hunter P. Smith, Jr., Beth Heier Lurz, Assistant United States Attorneys, for appellee.
 PER CURIAM:
 
 
 1
 Carole Rae Olson appeals from the order under which, pursuant to 18 U.S.C. § 3142, she was detained for a year before trial on grounds that she presented a serious risk of flight and a danger to the community. Since this appeal was filed, Carole Olson has been convicted of the multiple narcotics charges for which she was indicted. The government has moved to dismiss this appeal as moot.
 
 
 2
 Because Olson alleges that the order of detention will have collateral consequences which will adversely affect prison classification and parole decisions, we remand to afford her an opportunity to show, if she can, that such consequences exist.
 
 
 3
 Olson was arrested in Hawaii on September 26, 1985, on the narcotics charges for which she was convicted. In October 1985, Olson was denied bail in the northern district of West Virginia after a detention hearing; subsequently she moved several times for continuances to prepare for trial, citing the need to locate witnesses in Lima, Peru, her business address between 1980 and 1982. She also moved twice without success for revocation of detention. Olson was convicted October 8, 1986, and remains in posttrial detention pending sentencing.
 
 
 4
 Olson contends that the prior findings at her pretrial detention hearings of risk of flight and danger to society will have adverse collateral consequences, that is, that they will affect her classification by the Bureau of Prisons, resulting in her incarceration in a maximum security institution and that they will affect her eligibility for parole and sentence modification.
 
 
 5
 The United States Supreme Court has held that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed." Sibron v. New York, 392 U.S. 40, 57 (1969). Accordingly, we remand this case to the district court to supplement the record with its findings and conclusions so that we may determine whether the order of pretrial detention gives rise to any collateral consequences that may adversely affect Olson's prison classification and sentence. We express no view about the merits of Olson's appeal.